IKUTA, Circuit Judge,
dissenting:
Examining physician Dr. Finney’s report states that Whalen was self-employed during the period of alleged disability, “painting house interiors, carpentry, and installing carpet.” A report by MSW Linda Halleck, based on an interview with Whalen, likewise states that Whalen was self-employed during the relevant period. Furthermore, Whalen’s wife testified that Whalen engaged in “a lot of volunteer work” for the church. This statement was corroborated by Whalen’s own testimony. Based on this and other evidence, the ALJ discounted Dr. Clayton’s testimony that Whalen had a marked limitation in concentration, persistence, or pace. As a non-examining physician, Dr. Clayton based his conclusion solely on a paper review of Whalen’s medical records.
We must uphold the ALJ’s determination when it is based on substantial evidence, even if we disagree with the ALJ’s conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir.2007). “Under this standard, the Commissioner’s findings are upheld if supported by inferences reasonably drawn from the record.... ” Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). Because the ALJ’s specific reasons for rejecting Dr. Clayton’s assessment were supported by inferences reasonably drawn, from the record, and her decision as a whole was based on substantial evidence, I would affirm.